UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: _____
(State Circuit Court Case No: CACE-22-012610)

BERTHA FERTIL, an individual,

    Plaintiff,
v.

THE RAWLINGS COMPANY LLC, a
Kentucky limited liability company; and
AETNA LIFE INSURANCE COMPANY,
a Connecticut corporation.

    Defendants.
_____/

## DEFENDANT, AETNA LIFE INSURANCE COMPANY'S, NOTICE OF FEDERAL OFFICER REMOVAL

Defendant, Aetna Life Insurance Company, hereby removes the Amended Complaint to the United States District Court for the Southern District of Florida, and states as follows:

1. Plaintiff Bertha Fertil ("Fertil") commenced this action for declaratory relief in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, CACE-22-012610.

2. The initial Complaint named "Aetna, Inc.," along with The Rawlings Company, LLC ("Rawlings"), as parties to the action.

3. By Order dated January 20, 2023 ("Substitution Order"), the Broward County Circuit Court authorized the substitution of new party "Aetna Life Insurance Company" in place of the previously named Defendant "Aetna, Inc."[1] The Substitution Order deemed Plaintiff's

---

[1] The initial Complaint against "Aetna, Inc." referred (incorrectly) to that entity as a Connecticut corporation. However, the previously named entity, "Aetna, Inc.," is organized and incorporated under the laws of Pennsylvania. The newly substituted Defendant on the *Amended* Complaint, "Aetna Life Insurance Company," is organized and incorporated under the laws of Connecticut. The two companies, "Aetna, Inc." and "Aetna Life Insurance Company" are separate and distinct entities.

*Amended* Complaint filed as of the date of entry of Order.

4. Following entry of the Substitution Order, Plaintiff sent a Notice of Lawsuit and Request for Waiver of Service of Process dated January 27, 2023 to Aetna Life Insurance Company.

5. Aetna Life Insurance Company agreed to waive the formality of service of process on the *Amended* Complaint. A copy of Aetna Life Insurance Company's Waiver of Service of Process dated January 30, 2023 appears on the docket of the Broward County Circuit Court action.

6. Copies of all process, pleadings, and all other papers in the state court action are attached at Exhibit 1 to this Notice of Removal.

7. This removal notice is filed within the 30-day period required in 28 U.S.C § 1446(b).

8. Aetna Life Insurance Company removes this action pursuant to 28 U.S.C. § 1442(a)(1), which permits removal where a person acting under the direction of a federal agency and its officers is sued for actions taken under color of federal office.

## NATURE OF THE CASE

9. Fertil was allegedly injured "while a patron at a restaurant" on August 14, 2015. *Amended* Complaint ¶ 6. As a result of that accident Fertil sued the owners of the restaurant and resolved that lawsuit with a confidential settlement in 2022. *Id*. at ¶ 7. According to Fertil, Rawlings "purported to act as the authorized agent of [Aetna Life Insurance Company]" when Rawlings sent a series of letters sent to Fertil between 2017 and 2022. *Id*. at ¶ 8. Those letters asserted a claim for reimbursement out of the tort settlement proceeds for the medical expense benefits that were paid on Fertil's behalf "**under a Federal Employee Health Benefit Plan**." *Id*.

(emphasis supplied).

10. Fertil "disputes Defendants' entitlement to the reimbursement claim" that arises under the Federal Employee Health Benefit Plan. *Id.* at ¶9. Fertil seeks a judicial declaration "regarding the validity and/or proper amount of the claimed reimbursement right." *Id.*

11. Fertil's counsel is "holding monies from the [tort] settlement equivalent to the reimbursement claim alleged by the Defendants." *Id.* at ¶10. Fertil's counsel "will continue to hold the [disputed] monies" until the this action is resolved. *Id.*

12. The subject health benefits were paid on Fertil's behalf under a federally-sponsored health insurance plan governed by the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901-8914. This is one of the federal government's health benefits plans for federal employees and their dependents. It is administered by Aetna Life Insurance Company.

13. The Plan is created by a federal government contract between the United States Office of Personnel Management ("OPM") and Aetna Life Insurance Company. *See* 2015 Federal Employees Health Benefits Program Standard Contract (Ex. 2) [hereinafter "2015 Master Contract"].[2] OPM contracts with various insurance carriers (such as Aetna), and through various health benefit plans the carriers provide, pay for, or reimburse the cost of health services for enrollees. 5 U.S.C. §§ 8901(6), 8901(7), and 8902(a).

14. Aetna Life Insurance Company issues a benefits brochure to FEHBA plan participants such as Fertil. *See* 2015 Aetna benefits brochure (Ex. 3). The brochure describes the medical expense benefits that are available under the FEHBA Plan ("the Plan"). The brochure

---

[2] Periodically, the OPM-Aetna Life Insurance Company contract is restated. The 2015 Master Contract is the applicable one in this case, since the accident and resulting injur(ies) allegedly occurred in 2015 and the Plan's health benefit payments at issue occurred in that year or thereafter.

informs that the Plan shall have a right to reimbursement from an enrollee for benefits paid to that enrollee, in the event the enrollee recovers for a condition or injury from a third party and the Plan had paid benefits in association with that condition or injury. *See* Aetna brochure (Ex. 3) at Section 9 entitled "Coordinating benefits with Medicare and other coverage," pgs. 135-137.

15. Moreover, federal regulations expressly state that the Plan's interest in Fertil's tort recovery shall take priority over all others' interests. *See* 5 C.F.R. § 890.106(e).

16. Pursuant to these provisions, Defendants asserted, on the Plan's behalf, a reimbursement lien against Fertil's tort recovery in connection with her accident.

17. Fertil demands a declaration "regarding the validity and amount" of the Plan's reimbursement interest. *See Amended* Complaint's Wherefore Clause.

## CONTRACTUAL AND REGULATORY BACKGROUND

18. FEHBA, the regulations implementing it, and the relevant contractual provisions set forth a comprehensive framework for the supervision and administration of FEHBA plans, including the brochure:

   a. Under FEHBA, OPM is vested with sole authority to contract for the provision of health plans, to determine the benefit structure of each plan, and to promulgate the official description of a plan's terms in a brochure. *See* 5 U.S.C. §§ 8902(a), (d), 8907. The brochure is incorporated into the government contract between OPM and Aetna Life Insurance Company. *See* 2015 Master Contract § 2.2(a); *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 684 (2006).

   b. OPM's regulations require that "[a]ll health benefit plan contracts shall provide that the Federal Employees Health Benefits (FEHB) carrier is entitled to pursue subrogation and reimbursement recoveries." 5 C.F.R. § 890.106(a); *see also id*. § 890.106(c), (g).

OPM's regulations define "[r]eimbursement" as "a carrier's pursuit of a recovery if a covered individual has suffered an illness or injury and has received, in connection with that illness or injury, a payment from any party that may be liable, any applicable insurance policy, or a workers' compensation program or insurance policy, and the terms of the carrier's health benefits plan require the covered individual, as a result of such payment, to reimburse the carrier out of the payment to the extent of the benefits initially paid or provided." *Id*. § 890.101(a). OPM's regulations specifically state that any "subrogation or reimbursement recovery on the part of a FEHB carrier **shall be effectuated against the recovery first (before any of the rights of any other parties are effectuated**) and is not impacted by how the judgment, settlement, or other recovery is characterized, designated, or apportioned." *Id*. § 890.106(e) (emphasis added).

   c. The brochure for the Plan states expressly that the Plan shall have a right to reimbursement from an enrollee for benefits paid to that enrollee, in the event the enrollee recovers or is entitled to recover for a condition or injury from a third party and the Plan had paid benefits in association with that condition or injury.

   d. The brochure also states: "By accepting benefits . . . from your FEHB Plan, you acknowledge that the Plan's recovery rights are a first priority claim and are to be paid to the Plan before any other claim before any other claim for your damages." *See* Aetna brochure (Ex. 3) at pg. 137. It also provides that the Plan is "entitled to full reimbursement on a first dollar basis from any payments, even if such payment to the Plan will result in a recovery to you which is insufficient to make you whole or to compensate you in part or in whole for the damages you sustained." *Id*.

   e. Benefits paid under the Plan come from a special fund in the U.S. Treasury. *See* 5 U.S.C. § 8909(a); 48 C.F.R. §§ 1632.170(b), 1652.216-71(b); *Helfrich v. Blue*

5

*Cross & Blue Shield Ass'n*, 804 F.3d 1090, 1092 (10th Cir. 2015). All reimbursement and subrogation recoveries under the Plan – including any from Fertil in this case – must be returned to that fund in the federal Treasury (net of the expenses in obtaining the recoveries). 48 C.F.R. §§ 31.201-5, 1631.201-70(a) & (g), 1652.216-71(b)(2)(i); *see also Empire*, 547 U.S. at 685 ("Pursuant to the OPM-BCBSA master contract, reimbursements obtained by the carrier must be returned to the Treasury Fund."); *Helfrich*, 804 F.3d at 1093.

    f.  Congress intended federal employees in every state to be treated consistently under FEHBA plans. As a result, FEHBA includes an express preemption provision. 5 U.S.C. § 8902(m)(1) (2000 Supp.) (as amended by the Federal Employees Health Care Protection Act of 1998, Pub. L. No. 105-266, § 3(c), 112 Stat. 2363, 2366). With this preemption provision, Congress sought to "strengthen the ability of national plans to offer uniform benefits and rates to enrollees regardless of where they may live." H.R. Rep. No. 105-374, at 9 (1997); *accord* S. Rep. No. 95-903, at 2 (1978) (legislative history of FEHBA's original preemption provision); *see also Coventry Health Care of Mo., Inc. v. Nevils*, 137 S. Ct. 1190, 1197 (2017); *Empire*, 547 U.S. at 686; *Helfrich*, 804 F.3d at 1099. In part because Congress intended enrollees in a FEHBA plan to be treated the same regardless of the state in which they live, OPM's regulations expressly state that FEHBA's preemption provision preempts state laws that limit or prohibit reimbursement or subrogation. *See Federal Employees Health Benefits Program; Subrogation & Reimbursement Recovery*, 80 Fed. Reg. 931, 932 (Jan. 7, 2015); 80 Fed. Reg. 29,203 (May 21, 2015); 5 C.F.R. § 890.106(h). A FEHBA plan's subrogation and reimbursement "rights and responsibilities are therefore effective notwithstanding any state or local law, or any regulation issued thereunder, which relates to health insurance or plans." 5 C.F.R. § 890.106(h).

6

Recently, the Supreme Court held that FEHBA preempts state laws regarding subrogation and reimbursement. *Nevils*, 137 S. Ct. 1190.

## GROUNDS FOR REMOVAL

19. The *Amended* Complaint is removable by Aetna Life Insurance Company under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), which authorizes removal of an action against "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1).

20. The Federal Officer Removal Statute allows a single defendant to remove a case unilaterally without obtaining the consent of any other defendants. *See e.g., Humphries v. Elliot Co.*, 760 F.3d 414, 417 (5th Cir. 2014) ("Removal under § 1442(a), unlike removal under § 1441, does not require consent of co-defendants."); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) (stating that "[w]hereas all defendants must consent to removal under section 1441..., a federal officer or agency defendant can unilaterally remove a case under section 1442...") (citations omitted); *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998) (providing that 28 U.S.C. § 1442(a)(1) provides a statutory exception that "allows a federal officer [or any person acting under that officer] independently to remove a case to federal court even though that officer is only one of several named defendants").

21. Despite the fact that no consent is required to accomplish this removal under § 1446(b)(2)(a), counsel for Aetna Life Insurance Company conferred with Co-Defendant Rawlings, who is also represented by the undersigned counsel. In an abundance of caution, the written consent of Rawlings is attached hereto as Exhibit 4.

**Removal Under the Federal Officer Removal Statute**

22. In other cases involving the Plan, courts have confirmed that FEHBA reimbursement disputes are removable by the Plan's administrators under the Federal Officer Removal Statute. *See Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237 (9th Cir. 2017); *Jacks v. Meridian Res. Co.*, 701 F.3d 1224 (8th Cir. 2012); *Owens v. Health Care Serv. Corp.*, No. CV 16-95, 2016 WL 7675406, at *3-5 (D. Mont. Dec. 16, 2016); *Bell v. Blue Cross & Blue Shield of Okla.*, No. 5:14-CV-05046, 2014 U.S. Dist. LEXIS 155723 (W.D. Ark. Nov. 3, 2014), *aff'd*, 823 F.3d 1198 (8th Cir. 2016). Courts – including the Eleventh Circuit – have also held that FEHBA plan administrators can remove other types of cases under the Federal Officer Removal Statute. *See, e.g.*, *St. Charles Surgical Hosp., L.L.C. v. La. Health Serv. & Indemn. Co.*, 935 F.3d 352 (5th Cir. 2019); *Anesthesiology Assocs. of Tallahassee, Fla., P.A. v. Blue Cross Blue Shield of Fla., Inc.*, No. 03-15664, 2005 WL 6717869 (11th Cir. Mar. 18, 2005); *Inspire Malibu v. Anthem Blue Cross Life & Health Ins. Co.*, No. CV 16-5229, 2016 U.S. Dist. LEXIS 136244, at *10-17 (C.D. Cal. Sept. 30, 2016); *Vrijesh S. Tantuwaya MD, Inc. v. Anthem Blue Cross Life & Health Ins. Co.*, 169 F. Supp. 3d 1058, 1063-67 (S.D. Cal. 2016).

23. The federal officer removal statute "'grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction.'" *Jacks*, 701 F.3d at 1230 (*quoting Johnson v. Showers*, 747 F.2d 1228, 1229 (8th Cir. 1984)).

24. To invoke the federal officer removal statute, a removing party must show: (1) it is a "person" within the meaning of the statute; (2) a causal nexus exists between plaintiff's claims and the actions the removing party allegedly took while acting under a federal officer's direction; and (3) that the removing party has a colorable federal defense to the plaintiff's claims. *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427-28 (11th Cir. 1996).

25. Aetna Life Insurance Company satisfies the first requirement of federal officer removal because "[a] health plan insurer contracting with a government agency under a federal benefits program is considered a 'person acting under' a federal officer." *Anesthesiology Assocs. of Tallahassee*, 2005 WL 6717869, at *2 (quoting *Peterson v. Blue Cross/Blue Shield of Tex.*, 508 F.2d 55, 56-58 (5th Cir. 1975)); *see also Leite v. Crane Co.*, 749 F.3d 1117, 1122 n.4 (9th Cir. 2014) (government contractors qualify as "persons" under the statute); *Jacks*, 701 F.3d at 1230 n.3 ("the 'person' contemplated by the federal officer removal statute includes corporations"); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998) ("corporate entities qualify as 'persons' under § 1442(a)(1)").

26. The second factor is also met. As pertinent to 28 U.S.C. § 1442(a)(1), Fertil is suing Defendants in connection with actions performed under the direction of a federal agency for Defendants' actions in carrying out contractually-required obligations to make subrogation and reimbursement recoveries for the benefit of the federal Treasury. This case is thus one against or directed to persons acting under federal officers (*i.e.*, against or directed to Defendants, acting under OPM) for or relating to their actions under color of federal office (*i.e.*, relating to obligations arising under the OPM-Aetna Life Insurance Company contract governing the FEHBA Plan). A defendant is deemed to act under the direction of a federal agency and federal officers where the actions at issue were taken in the course of administering a federal program over which a federal agency has control or supervision. *See Anesthesiology Assocs. of Tallahassee.,* 2005 WL 6717869, at *2. Government contractors may remove a case pursuant to the Federal Officer Removal Statute where "the acts for which they are being sued . . . occurred because of what they were asked to do by the Government," even if the acts were not "specifically contemplated by the government contract." *Isaacson v. Dow Chem. Co.*, 517 F.3d

129, 137, 138 (2d Cir. 2008). Here, Aetna Life Insurance Company "help[s] the government fulfill the basic task of establishing a health benefits program for federal employees." *Jacks*, 701 F.3d at 1233. "[T]he benefit payment process [is] a process over which OPM exerts regulatory control." *Id*.

27. Also relevant to the second requirement, there is a causal nexus between Defendants' actions under OPM and Fertil's claims in this case. Fertil sues Defendants expressly because of actions taken in the course of administering the FEHBA Plan's subrogation and reimbursement requirements. On this basis, Fertil's allegations are causally connected to Defendants' actions under the direction of a federal agency and its officers. *See Jacks*, 701 F.3d at 1230 n.3 (finding the requisite causal connection). It is "'sufficient' for a federal officer in a civil suit to establish the requisite causal connection by showing that the officer's 'relationship to [the plaintiff] derived solely from [the officer's] official duties.'" *Zeringue v. Crane Co.*, 846 F.3d 785, 793 (5th Cir. 2017) (quoting *Willingham v. Morgan*, 395 U.S. 402, 409 (1969)). "The hurdle erected by [the causal nexus] requirement is quite low." *Isaacson*, 517 F.3d at 137; *see also Goncalves*, 865 F.3d at 1244 (quoting *Isaacson*). "To show causation, Defendants must only establish that the act that is the subject of Plaintiffs' attack . . . occurred *while* Defendants were performing their official duties." *Isaacson*, 517 F.3d at 137-38. That is certainly the case here. Defendants' alleged conduct in this case – *i.e.*, asserting a subrogation or reimbursement interest against Fertil's tort settlement – was undertaken while performing official duties for OPM.

28. The third requirement is met because there are colorable federal defenses to Fertil's claims against Defendants. Defendants have four separate colorable federal defenses.

    a.    First, Fertil's claim against Defendants in the *Amended* Complaint – which is brought exclusively under state law – is preempted by FEHBA's express preemption

provision, 5 U.S.C. § 8902(m)(1), which provides that the terms of FEHBA contracts concerning benefits and benefits payments shall supersede state law. The Supreme Court, among others, has held that FEHBA preempts state laws regarding subrogation or reimbursement. *See, e.g., Nevils*, 137 S. Ct. 1190; *Bell v. Blue Cross & Blue Shield of Okla.*, 823 F.3d 1198 (8th Cir. 2016); *Helfrich v. Blue Cross & Blue Shield Ass'n*, 804 F.3d 1090, 1104-10 (10th Cir. 2015); *see also Goncalves*, 865 F.3d at 1249. And, OPM's regulations expressly state that preemption occurs in cases exactly like this one. *See* 5 C.F.R. § 890.106(h).

    b.  Second, Fertil's state-law claim in the *Amended* Complaint is displaced by federal common law, which governs the federal contract at the heart of this case. In a similar reimbursement dispute involving a FEHBA Plan, the Tenth Circuit held that, because federal common law governs the FEHBA contract at issue, state law regarding reimbursement is displaced. *Helfrich*, 804 F.3d at 1095-1104.

    c.  Third, there is a colorable defense of sovereign immunity. In this regard, Fertil pursues a remedy under state law to thwart the Plan's subrogation or reimbursement that is not permitted against the United States, to whose benefit subrogation and reimbursement recoveries inure. *See Tantuwaya*, 169 F. Supp. 3d at 1070-71 (dismissing state law claims against a FEHBA Plan administrator on sovereign immunity grounds); *Ctr. for Reconstructive Breast Surgery, LLC v. Blue Cross Blue Shield of La.*, No. 11-806, 2014 U.S. Dist. LEXIS 139442, at *19-23 (E.D. La. Sept. 30, 2014) (same); *Mentis El Paso, LLP v. Health Care Serv. Corp.*, 58 F. Supp. 3d 745, 751-57 (W.D. Tex. 2014) (same); *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, No. 3:12-cv-1607-O, 2014 U.S. Dist. LEXIS 12750 (N.D. Tex. Feb. 3, 2014) (same). In *Jacks*, the Eighth Circuit found each of the three defenses just listed – preemption, displacement by federal common law, and sovereign immunity – to be colorable for

purposes of the Federal Officer Removal Statute. *Jacks*, 701 F.3d at 1235.

        d.     Fourth, there is a defense based on ordinary conflict preemption principles, because OPM's regulations provide that "[a]ny subrogation or reimbursement recovery on the part of a FEHB carrier shall be effectuated against the recovery first (before any of the rights of any other parties are effectuated) and is not impacted by how the judgment, settlement, or other recovery is characterized, designated, or apportioned." 5 C.F.R. § 890.106(e). This provision directly conflicts with Fertil's apparent effort to enforce state law.

29. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of this removal to the Circuit Court of the 17th Judicial District in and for Broward County, Florida.

Dated:  February 20, 2023

                                  Respectfully submitted,

                                  *s / Daniel Alter*_____
DANIEL ALTER, Florida Bar No. 0033510
dan.alter@gray-robinson.com
GRAY ROBINSON, P.A.
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida  33301
Tel:  954-761-8111, Fax:  (954) 761-8112
*Counsel for Defendant Aetna Life Insurance Company and Defendant The Rawlings Company LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 20, 2023 the foregoing document was filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document was provided by email to: Jared H. Beck, Esq. and Elizabeth Lee Beck, Esq., Beck & Lee Trial Lawyers, 8306 Mills Drive No. 248, Miami, FL 33183, Tel: 305-234-2060; Fax: 786-664-3334; Email: jared@beckandlee.com, elizabeth@beckandlee.com, Counsel for *Plaintiff Bertha Fertil*.

*s / Daniel Alter*_____
DANIEL ALTER, Florida Bar No. 0033510
dan.alter@gray-robinson.com
GRAY ROBINSON, P.A.
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida  33301
Tel:  954 761-8111, Fax:  (954) 761-8112
*Counsel for Defendant Aetna Life Insurance Company and Defendant The Rawlings Company LLC*